CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

2012 MAY 29  PM 2: 46

DEPUTY CLERK_____

| | |
|---|---|
| **DONNY S. BRANDSTETTER** § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **Civil Action No. 6:11-CV-016-BL** |
| § | **ECF** |
| § | |
| **MICHAEL J. ASTRUE,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION

**THIS CASE** is before the court upon Plaintiff's complaint filed February 21, 2011, for

judicial review of the administrative decision of the Commissioner of Social Security denying

Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI")

benefits under Title II and Title XVI of the Social Security Act (Doc. 1). On February 22, 2011, the

United States District Judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States

magistrate judge for all further proceedings. Plaintiff filed a brief in support of his complaint on

August 22, 2011 (Doc. 20), Defendant filed a brief on September 20, 2011 (Doc. 21), and Plaintiff

filed his reply on October 5, 2011 (Doc. 22).

On March 5, 2012, the United States Magistrate Judge entered his Report and

Recommendation and the case was transferred back to the United States District Judge (Doc. 23).

The United States District Judge adopted the Magistrate's report and dismissed Plaintiff's case with

prejudice (Doc. 25). Thereafter, Plaintiff filed a motion to alter or amend judgment, wherein he

claims that the United States Magistrate Judge failed to address his central argument in the report

and recommendation, and the failure to address the central issue of his appeal was a "manifest error of law."(Doc. 27). The District Judge ordered supplemental briefing on the sole issue Plaintiff raised in his motion to alter or amend judgment (Doc. 31). Plaintiff filed a brief in support of his motion on April 13, 2012 (Doc. 33), Defendant filed a response on April 25, 2012, (Doc. 35), and Plaintiff filed his reply on April 30, 2012 (Doc. 36).

On May 16, 2012, the District Judge referred Plaintiff's motion to alter or amend judgment to the United States Magistrate Judge for consideration and the entry of a report and recommendation (Doc 37). This court has considered the briefs and the administrative record and recommends that the United States District Judge deny Plaintiff's motion to alter or amend judgment.

## I. APPLICABLE STANDARD

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004). A motion to alter or amend the judgment under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal citations omitted). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet*, 367 F.3d at 478 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Such a motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* Nor may a Rule 59(e) motion "be used to argue a case under a new legal theory." *Simon*, 891 F.2d at 1159 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1996)). Instead, a motion for a new trial under Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 478 (quoting *Waltman v. Int'l Paper Co.*,

875 F.2d 468, 473 (5th Cir. 1989)).   Relief under Rule 59(e) is also appropriate when there has been

an intervening change in the controlling law.  *Id.*  This relief "is an extraordinary remedy that should

be used sparingly."  *Templet*, 367 F.3d at 478 (internal citations omitted).

## II. ISSUE

Plaintiff argues that the disability onset date used by the Administrative Law Judge ("ALJ")

is based on an admitted mistake of fact, and therefore, is not supported by substantial evidence as

required under 42 U.S.C. § 405(g).

## III. ANALYSIS

In establishing the disability onset date, May 31, 2005, the ALJ relied upon the testimony of

the Medical Expert, Dr. John Simonds.  Tr. 29.  In his testimony, Dr. Simonds indicated that he

selected that date because of the limitations described in the residual functional capacity

questionnaire form completed by cardiology nurse specialist, Valerie Mills[1].  Tr. 487 ("Even though

he has severe Coronary Artery Disease the disease is corrected with, by either graphs or stent. And,

however, the functionality seems to be the problem and I would base that on 7F, [Nurse Mills's

questionnaire form]. . . . he would not be able to work full-time as of that date.").

Upon cross examination by Plaintiff's counsel, Dr. Simonds was asked whether Nurse

Mills's questionnaire form indicated when Plaintiff's problems started. Tr. 488.  Dr. Simonds stated

that "it would be impossible for [Nurse Mills] to determine that date because [she was] not . . .

following the patient on a regular basis." Tr. 488.  After further questioning, Dr. Simonds

acknowledged that Nurse Mills indicated that Plaintiff's "symptoms and limitations go back to

---

[1]Dr. Simonds first indicates that Nurse Mills's report was completed on July 28, 2005, but upon examination by Plaintiff's attorney, he later correctly identifies that the report was completed on May 31, 2005.  Tr. 488.

[20]02," but "she could not be in a position to give limitations unless [she] had seen the patient at, various times in the past." Tr. 489.

Plaintiff contends that Dr. Simonds's proffered disability onset date is unreliable because Dr. Simonds "opinion was based on his mistaken belief that Ms. Mills had not 'follow[ed] the patient on a regular basis.'" Pl.'s Br. at 6-7 (quoting Tr. 488). Plaintiff claims that because Dr. Simonds mistakenly believed Nurse Mills had not seen Plaintiff in the past, his opinion does not constitute substantial evidence upon which the ALJ may rely. Plaintiff is mistaken.

Nurse Mills's questionnaire form described Plaintiff's symptoms and functional limitations at the time the form was completed. Dr. Simonds clearly articulated that he relied on the limitations described in Nurse Mills's form because "[p]rior to that . . . we don't have evidence that that degree of functionality pre-existed to that degree . . . ." Tr. 487. Plaintiff did not argue in his complaint, nor has he argued in his motion to alter or amend judgment, that Nurse Mills's questionnaire form incorrectly describes Plaintiff's symptoms and functional limitations as of May 31, 2005. Thus, Nurse Mills's questionnaire form was medical evidence upon which the Medical Expert and ALJ could rely in establishing May 31, 2005, as the disability onset date.

The only question, therefore, is whether Dr. Simonds testimony was somehow tainted by his admission that he ignored Nurse Mills's opinion that Plaintiff's "symptoms and limitations go back to [20]02" because he didn't believe she examined Plaintiff in the past. As noted in the Magistrate's report and recommendation, Nurse Mills's questionnaire form was completed well after Plaintiff's date last insured, which made her opinion that Plaintiff's symptoms and functional limitations began in 2002, a retrospective medical diagnosis. Doc. 23 at 7 (citing *Luckey v Astrue*, No. 11-20115, 2011 WL 6340884, at *4 (5th Cir. Dec. 19, 2011)). Consequently, Nurse Mills's opinion regarding an onset date prior to the date last insured could only be "considered if it was corroborated by other

-4-

contemporaneous evidence." Doc. 23 at 8. The Magistrate's report and recommendation fully addressed this issue on page 8. Specifically the Magistrate stated:

> Plaintiff's brief does not specifically identify any corroborating lay evidence or contemporaneous medical reports that support Mills's indication that Plaintiff's symptoms and limitations were present as early as September 16, 2002. Indeed, the records that bear Mills's name, prior to May 31, 2005, are all consistent with the findings of the ALJ and inconsistent with her assertions regarding symptoms and limitations as early as September 2002.
>
> On February 27, 2004, Mills found that: Plaintiff could continue his activity level; was allowed to drive; and had no anginal symptoms, dizziness, shortness of breath, or edema. Tr. 362-369. She again noted the same finding on March 29, 2004, and additionally indicated that Plaintiff should continue with his diet and exercise program and cardiac rehab. Tr. 359-360. On May 17, 2004, Mills examined Plaintiff and found that although he complained of intermittent chest pain while undergoing cardiac rehabilitation, he had no shortness of breath and his EKG showed a normal heart rhythm consistent with his March 2004 EKG. Tr. 353-357. In June of 2004, Plaintiff complained of chest pain while in rehab and he was instructed to take a stress test. Tr. 342. Mills noted that Plaintiff's stress test results were abnormal, and that his medical management would be maximized to attempt to control the chest pain he complained of. Tr. 342. Notably, none of Mills's earlier diagnostic notes lists Plaintiff as having symptoms of weakness, fatigue, shortness of breath, nausea, palpitations, dizziness, edema, or sweatiness - all of which Mills retrospectively indicated that Plaintiff experienced since September 2002. Tr. 289-293. Further, none of Mills's earlier reports list any of the functional limitations indicated in the questionnaire.

Doc. 23 at 8. Because Nurse Mills's opinion regarding an earlier onset date was unsupported by her own prior medical records, neither Dr. Simonds or the ALJ could have relied on her opinion regarding a 2002 disability onset date. Furthermore, even if Dr. Simonds did not recall with 100% accuracy that Nurse Mills had signed some of the medical reports contained in the voluminous record, he still had examined all of the medical reports she filed. Tr. 484 (stating he had reviewed all the exhibits in F section [Tr. 126-399]).

Given these facts, the court finds that the ALJ appropriately evaluated Mills's response to the questionnaire and Dr. Simonds testimony, and the ALJ's determination of Plaintiff's disability onset date is supported by substantial evidence despite Dr. Simonds mistake of fact.

## IV. CONCLUSION

Based upon the foregoing discussion of the issue, the evidence, and the law, this court recommends that the United States district judge **DENY** Plaintiffs's Motion to Alter or Amend Judgement (Doc. 27).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

DATED this 29th day of May, 2012.

E/SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

-6-